UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE CARL ELLINGTON, Jr., | Case No. 2:25-cv-0158-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, *et al.*, | |
| Defendants. | |

Plaintiff filed this action in Sacramento County Superior Court against the City of Sacramento, Sacramento Police Department, Sacramento Police Officers Julian Rios, Matthew Anderson, Matthew Lawrence, Jennifer Palmer, and Pedro Vazquez. Defendants removed the complaint on January 13, 2025, and subsequently filed a motion to dismiss.[1] For the foregoing reasons, defendants' motion is granted without prejudice.

**Allegations**

Plaintiff alleges in a form complaint claims for negligence, intentional torts (false

---

[1] Plaintiff argues in his opposition that he served defendants on December 12, 2024, thereby making defendants' January 13, 2025 removal untimely. ECF No. 6 at 1-3. Defendants respond that they were in fact served on December 13, 2024, and cite to "Ex. A." ECF No. 7 at 1-2. However, no Exhibit A is attached to either defendants' motion to dismiss or reply. In any event, as defendants note, 30 days after December 12, 2024 was Saturday, January 11, 2025. Accordingly, defendants' removal was timely. *See* Fed. R. Civ. P. 6(a)(1)(c).

1

1 imprisonment, intentional infliction of emotion distress, false arrest defamation, false police
2 report), and 42 U.S.C. § 1983.  ECF No. 1 at 5, 9.  Plaintiff alleges that defendant police officers
3 were dispatched to a home in Sacramento.  *Id.* at 8.  The homeowner informed the officers that
4 plaintiff was seeking help and safety from an incident that had transpired outside of the home.  *Id.*
5 In addition, the homeowner told officers that plaintiff did not attempt to sell anything from the
6 home and that they did not want to press charges against plaintiff.  *Id.*  Plaintiff claims that he was
7 charged with California Penal Code section 459 (felony burglary) and 594 (felony vandalism).
8 *Id.*

## Legal Standards

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding motions under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party.  *See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  In certain circumstances, the court may also consider documents referenced in but not included with the complaint, or that form a basis of plaintiff's claims.  *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

## Incorporation by Reference and Request for Judicial Notice

In their motion to dismiss, defendants ask the court to incorporate materials referenced in the complaint and to take judicial notice of certain documents.  ECF No. 4-1 at 2-3.  Specifically, defendants argue that plaintiff referenced the 911 call, the incident report, the Sacramento County

2

1 Jail Booking Form, and the video footage of the homeowner's statements. *Id.* at 2. As for the
2 request for judicial notice, defendants ask the court to consider the lack of a Government Claim
3 related to this action, a computer automated dispatch report, Sacramento Police Department
4 Incident Report 2022-273485, body-worn camera footage from defendant officers Lawrence and
5 Vazquez, and the Sacramento County Jail Booking Report. ECF No. 4-4 at 2-3. Because the
6 court need not consider any of the identified items to resolve this motion, the requests are denied
7 as unnecessary.

**Analysis**

9 Defendants argue that the amended complaint should be dismissed for failure to state a
10 claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. Specifically, defendants argue
11 that plaintiff's state law claims must be dismissed because plaintiff failed to file a California
12 Government Claims Act claim, despite his representation in the complaint to the contrary. In
13 terms of plaintiff's § 1983 claim, defendants argue that plaintiff has not specifically articulated a
14 theory under the statute, and even if the court were to consider a Fourth Amendment claim, that it
15 too should fail for failure to state a claim. *Id.* at 7. Plaintiff's opposition argues that defendants
16 fabricated evidence and have falsely argued that he was not arrested for burglary. ECF No. 6 at
17 3-5.
18 To prevail in a § 1983 action, a plaintiff must show that (1) the acts of the defendants
19 (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and
20 (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005).
21 "Section 1983 is not itself a source of substantive rights, but merely provides a method for
22 vindicating federal rights elsewhere conferred." *Id.* at 1164. It appears that plaintiff may be
23 attempting to allege a Fourth Amendment claim for false arrest, but the complaint does not
24 contain allegations sufficient to confirm the court's suspicion. *See Zixiang v. Kerry*, 710 F.3d
25 995, 999 (9th Cir. 2013) (noting that a complaint fails to state a claim if it either lacks a
26 cognizable legal theory or sufficient factual allegations). Accordingly, plaintiff's § 1983 claim is
27 dismissed.
28 Plaintiff's remaining claims allege violations of California law. Because the complaint

1  fails to establish diversity jurisdiction, the court's jurisdiction depends on whether the plaintiff
2  asserts a claim arising under federal law.[2]  *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan*
3  *Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must
4  specifically allege diverse citizenship of all parties to invoke diversity jurisdiction).  Since
5  plaintiff has not stated a federal claim, the court declines to exercise supplemental jurisdiction
6  over plaintiff's state law claims and dismiss those claims without prejudice.  *See* 28 U.S.C.
7  § 1367(c)(3) (district court may decline supplemental jurisdiction over claim where "court has
8  dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*,
9  484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated
10  before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—
11  judicial economy, convenience, fairness, and comity—will point toward declining to exercise
12  jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383
13  U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of
14  comity and to promote justice between the parties, by procuring for them a surer-footed reading
15  of the applicable law.").

16  If plaintiff decides to file an amended complaint, the amended complaint will supersede
17  the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en
18  banc).  This means that the amended complaint will need to be complete on its face without
19  reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is
20  filed, the current complaint no longer serves any function.  Therefore, in an amended complaint,
21  as in an original complaint, plaintiff will need to assert each claim and allege each defendant's
22  involvement in sufficient detail.  The amended complaint should be titled "Second Amended
23  Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended
24  complaint, I will recommend that this action be dismissed.

25  Accordingly, it is hereby ORDERED that:
26  1. Defendants' motion to dismiss, ECF No. 4, is GRANTED without prejudice.
27
28  [2] The complaint does not allege diversity of the parties.

      2. Plaintiff is granted thirty days from service of this order to file a second amended complaint.

      3. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

      4. The April 10, 2025 hearing on defendant's motion to dismiss, ECF No. 4, is vacated.

IT IS SO ORDERED.

Dated:   April 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE